IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MICHAEL LAYNE ODOM, )<br>    ID # 154143, )<br>        Petitioner, )<br>vs. )<br> )<br>439TH JUDICIAL DISTRICT )<br>COURT, et al., )<br>        Respondents. ) | No. 3:22-CV-2098-D-BH<br><br><br>Referred to U.S. Magistrate Judge[1] |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Based on the relevant filings and applicable law, the *Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241*, received on August 29, 2022 (doc. 1), should be **DISMISSED**, and the *(Emergency) Motion for Partial Summary Judgement*, received on October 4, 2022 (doc. 9), should be **DENIED**.

### I.   BACKGROUND

Michael Layne Odom (Petitioner), a state pretrial detainee incarcerated in the Rockwall County Detention Center in Rockwall, Texas, brings this habeas action under 28 U.S.C. § 2241 to challenge his pretrial detention in Cause Nos. 2-22-0450 and 2-22-0451. (*See* doc. 1 at 1-2.) He names the 439th Judicial District Court of Rockwall County, Texas, the Rockwall County Detention Center, Southern Health Partners, a state magistrate judge, the Judge of the 439th Judicial District Court, the Sheriff of Rockwall County, a jail administrator, and Mrs. Lloyd as the respondents. (*See id.* at 1.)

The petition raises the following grounds:

    (1)    Excessive bail: I was released on $275,000[00] bail. I returned to Court as instructed. Majistrate [sic] J. Jams [sic] ordered a drug test. Allegedly

---

[1] By *Special Order No. 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation.

>   positve [sic] -not failing a drug screen since 2016.  I ask to see the results they refused.  I ask for a blood test they refused.  My bail was doubled to $550,000$^{00}$ and taken back into custody;

(2) Deteriorating Health;

(3) Medical Care; and

(4) Medical Negligence.

(*Id.* at 6-8.)  It seeks reinstatement of Petitioner's original bond amount and monetary damages "of $1,000$^{00}$ per day for every day I've lost freedom from this excessive bail.  $10,000$^{00}$ for allowing me to walk around in my own fecies [sic] for 5 hrs $10,000$^{00}$ for allowing non-autorized [sic] personell [sic] to handle confidential records[.]"  (*Id.* at 8.)  Petitioner also seeks "summary judgement as to the liability of defendants … for liability of due process of law."  (doc. 9 at 1.)

## II.   EXHAUSTION

Section 2241, "'which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the [pending case,]'" is the proper vehicle for seeking habeas relief from pretrial detention.  *Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998) (quoting *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987)).  "[T]o be eligible for habeas relief [under 28 U.S.C. § 2241, however], a petitioner must be 'in custody' and must have exhausted his available state remedies."  *Dickerson*, 816 F.2d at 224.  The exhaustion requirement for § 2241 was "judicially created on federalism grounds to protect the state courts' opportunity to resolve initially any constitutional issues arising within their jurisdictions as well as to limit federal interference in the state adjudicatory process."  *Curtis v. Garza Cty. Jail*, No. 5:18-CV-00205-M-BQ, 2019 WL 5698802, at *1 (N.D. Tex. Oct. 8, 2019) (citing *Clark v. Anderson*, No. 4:01-CV-723-Y, 2001 WL 1631538, at *3 (N.D. Tex. Dec. 14, 2001)), *rec. adopted*, 2019 WL 5697895 (N.D. Tex. Nov. 4, 2019).  Exhaustion may be excused "only in those 'rare cases' where [the

petitioner] can show 'exceptional circumstances of peculiar urgency' so impinge upon his due process rights that immediate federal court interference is mandated." *Hughes v. Ryan*, No. 2:18-CV-177-D, 2018 WL 6729654, at *1 (N.D. Tex. Nov. 16, 2018) (citing *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993)), *rec. adopted*, 2018 WL 6726550 (N.D. Tex. Dec. 21, 2018).

Exhaustion requires that a petitioner "present his claims in a procedurally correct manner" to "the highest court of his state." *Deters*, 985 F.2d at 795; *see also Hinojosa v. Horn*, 896 F.3d 305, 314 (5th Cir. 2018) ("'The exhaustion of administrative remedies doctrine requires not that only administrative remedies selected by the complainant be first exhausted, but instead that all those prescribed administrative remedies which might provide appropriate relief be pursued prior to seeking relief in the federal courts.'"). In Texas, a prisoner must present his claims to the Texas Court of Criminal Appeals. *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985). To challenge his pretrial detention, a detainee "must first file a pre-adjudication application for writ of habeas in the trial court under article 11.08 of the Texas Code of Criminal Procedure." *Curtis*, 2019 WL 5698802, at *2 (citing Tex. Code Crim. P. art. 11.08 (West 2008) and *Cotton v. Jefferson Cty.*, No. 1:13CV267, 2013 WL 3367299, at *2 (E.D. Tex. July 3, 2013)). He may then seek review by "'direct appeal to an intermediate court of appeals (which is, in turn, subject to discretionary review by the Texas Court of Criminal Appeals).'" *Id.* (quoting *Ex parte Simpson*, 260 S.W.3d 172, 174 (Tex. App.—Texarkana 2008, no writ)).

A federal district court may raise the lack of exhaustion *sua sponte*. *Shute v. State*, 117 F.3d 233, 237 (5th Cir. 1997). It is well-settled that federal courts can dismiss without prejudice a federal petition for writ of habeas corpus that contains unexhausted grounds for relief. *See, e.g., Rose v. Lundy*, 455 U.S. 509, 510 (1982). As a matter of comity, the state courts must be given a

3

fair opportunity to hear and consider the claims raised by an applicant before those claims are heard in federal court. *Picard v. Connor*, 404 U.S. 270, 275 (1971).

Here, Petitioner indicates that he did not seek an administrative remedy for the challenged decisions and actions. (*See* doc. 1 at 2); *see also* http://search.txcourts.gov (last visited Oct. 25, 2022). Because he has not presented his habeas claims to the Texas Court of Criminal Appeals, the highest court of the state has not had an opportunity to review them. A ruling from the federal court at this juncture would preempt the state court from performing its proper function. *See Rose*, 455 U.S. at 518 (holding that the exhaustion requirement is "designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings."). Further, neither Petitioner's conclusory allegations that "[n]o administrative remedys [sic] exist for excessive bond NOR inadequate health care," and that "[t]he process here moves very slow," nor his subjective belief that his "issues require expedition," show "exceptional circumstances of peculiar urgency" to excuse the exhaustion requirement. (doc. 1 at 3, 8); *Hughes*, 2018 WL 6729654, at *1. Petitioner is therefore not entitled to habeas relief under § 2241 for failure to exhaust his state remedies.

### III. CIVIL CLAIMS

The petition also challenges the conditions of Petitioner's confinement and requests monetary relief. (*See* doc. 1 at 7-8.) This portion of the petition does not challenge his custody. Courts may only consider federal habeas petitions under 28 U.S.C. § 2241 on grounds that the petitioner is in custody in violation of the Constitution or federal laws. *See Preiser v. Rodriguez*, 411 U.S. 475, 484-87 (1973). To the extent Petitioner seeks to assert claims against non-custodial parties or to seek non-habeas relief, claims that do not challenge his custody may not be raised in this habeas action. His non-habeas civil claims may be liberally construed either as a civil rights

action under 42 U.S.C. § 1983, or as a mandamus action under 28 U.S.C. § 1651 against the appropriate parties.

Petitioner already has a pending civil rights action that appears to involve many of the same parties and similar claims to those he makes in his petition. *See Odom v. Sheriff FNU Garrett, et al.*, No. 3:22-CV-1934-B-BN (N.D. Tex. Aug. 29, 2022). In addition, the Prison Litigation Reform Act (PLRA) requires that <u>all</u> prisoners who bring a civil action must pay the full $402 filing fee, although the fee may be paid in installments that are automatically withdrawn from the inmate trust account of a prisoner who is granted leave to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).[1] Because of the $402 filing fee and his related pending case, Petitioner's non-habeas civil claims should be dismissed without prejudice to seeking relief in that action, instead of being liberally construed as a new separate civil action subject to a new filing fee. *See Davis v. Valdez*, No. 3:15-CV-3952-D (BH), 2016 WL 749899, at *2 (N.D. Tex. Jan. 4, 2016), *rec. adopted*, 2016 WL 728817 (N.D. Tex. Feb. 24, 2016).

### IV. RECOMMENDATION

Any habeas claims in the *Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241*, received on August 29, 2022 (doc. 1), should be **DISMISSED** without prejudice for failure to exhaust administrative remedies. Any civil claims should be **DISMISSED** without prejudice to seeking relief in Petitioner's pending case, No. 3:22-CV-1934-B-BN. The *(Emergency) Motion for Partial Summary Judgement*, received on October 4, 2022 (doc. 9), should be **DENIED**.

---

[1] A $52 administrative fee will be assessed in addition to the $350 filing fee, resulting in a total filing fee of $402 for a civil action in which the plaintiff has not sought or been granted leave to proceed *in forma pauperis*. *See* District Court Miscellaneous Fee Schedule. Where a prisoner plaintiff has been granted leave to proceed *in forma pauperis*, only the $350 filing fee will be deducted from the prisoner's account. *See id.* The $52 administrative fee will not be deducted. *Id.*

**SIGNED this 25th day of October, 2022.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE